Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lee Ward, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| Cavalry Portfolio Services, LLC, and | ) |
| Cavalry SPV I, LLC, | ) |
| | ) |
| Defendants. | ) |

**NATURE OF ACTION**

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

## PARTIES

4. Plaintiff, Lee Ward ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Mohave, and City of Kingman.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Cavalry Portfolio Services, LLC ("Cavalry") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Cavalry is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, Cavalry SPV I, LLC, ("SPV") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. SPV is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Cavalry.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Cavalry, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Cavalry.

13. Cavalry uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14. SPV purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

15. SPV acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

16. SPV is thoroughly enmeshed in the debt collection business, and SPV is a significant participant in Cavalry's debt collection process.

17. In connection with collection of an alleged debt in default, Cavalry, itself and on behalf of SPV, for its initial communication, placed a call to Plaintiff's cellular phone on January 10, 2012 at approximately 6:45 P.M., and at such time, Cavalry, via its agent and/or employee "Shaun Massan" communicated with Plaintiff.

18. During the conversation on January 10, 2012, Mr. Massan informed Plaintiff he was calling from Cavalry and demanded that Plaintiff pay the amount of $34,790.28.

19. When Plaintiff asked if Cavalry owned the alleged debt, Mr. Massan replied "[y]es. We own this debt now."

20. Despite Mr. Massan's assertion that Cavalry owned Plaintiff's alleged debt, in fact, SPV owned Plaintiff's alleged debt.

21. During the January 10, 2012 communication, Cavalry, itself and on behalf of SPV, failed to provide Plaintiff with the notices required pursuant to 15 U.S.C. § 1692g *et seq*., and further, failed to provide said notices to Plaintiff in writing within 5 days thereof.

22. Cavalry, itself and on behalf of SPV, sent its initial written communication dated January 17, 2012 to Plaintiff, in which Cavalry provided the notices required pursuant to 15 U.S.C. § 1692g *et seq*., seven days after Plaintiff's initial communication with Cavalry.

23. On January 30, 2012, Plaintiff sent Cavalry a written demand via certified mail demanding that Cavalry cease and desist from any and all further communication with Plaintiff. *See* correspondence, attached hereto as Exhibit "A."

24. Cavalry received Plaintiff's January 30, 2012 demand on February 2, 2012 at 9:25 A.M.

25. Despite receipt of Plaintiff's written demand to cease and desist all collection contacts, Cavalry, itself and on behalf of SPV, sent Plaintiff written correspondence dated February 6, 2012, in which Cavalry stated, in relevant part, as follows:

> "Per your request, please find enclosed the verification of your debt.
>
> Cavalry is committed to working with you. You may contact us at 866-483-5139 from 9:00am to 5:00pm, Eastern Time, Monday through Friday."

26. Plaintiff had not demanded validation of the alleged debt from Cavalry, nor had Plaintiff disputed the alleged debt.

Complaint - 4

27. Defendant's February 6, 2012 communication did not (a) advise Plaintiff that Cavalry's further collection efforts were being terminated, (b) notify Plaintiff that Cavalry and/or SPV were permitted to invoke specified remedies ordinarily invoked by Cavalry and/or SPV, or (c) notify Plaintiff that Cavalry and/or SPV intended to invoke any specified remedy.

28. Defendants' actions constitute conduct highly offensive to a reasonable person.

**COUNT I**
**VIOLATIONS OF 15 U.S.C. § 1692c(c)**
**DEFENDANT CAVALRY**

29. Plaintiff repeats and re-alleges each and every allegation above.

30. Cavalry violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the debt

31. SPV, by virtue of its status as a "debt collector" under the FDCPA, is separately liable for actions of Cavalry, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Cavalry violated 15 U.S.C. § 1692c(c);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATIONS OF 15 U.S.C. § 1692c(c)
## DEFENDANT SPV

32. Plaintiff repeats and re-alleges each and every allegation above.

33. Cavalry violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the debt

34. SPV, by virtue of its status as a "debt collector" under the FDCPA, is separately liable for actions of Cavalry, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that SPV violated 15 U.S.C. § 1692c(c);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATIONS OF 15 U.S.C. § 1692e(10)
## DEFENDANT CAVALRY

35. Plaintiff repeats and re-alleges each and every allegation above.

36. Cavalry violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including, but not limited to, when Cavalry's agent and/or representative claimed that Cavalry, rather than SPV owned Plaintiff's alleged debt.

37. SPV, by virtue of its status as a "debt collector" under the FDCPA, is separately liable for actions of Cavalry, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Cavalry violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATIONS OF 15 U.S.C. § 1692e(10)
## DEFENDANT SPV

38. Plaintiff repeats and re-alleges each and every allegation above.

39. Cavalry violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including, but not limited to, when Cavalry's agent and/or representative claimed that Cavalry, rather than SPV owned Plaintiff's alleged debt.

40. SPV, by virtue of its status as a "debt collector" under the FDCPA, is separately liable for actions of Cavalry, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that SPV violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATIONS OF 15 U.S.C. § 1692g(a)
## DEFENDANT CAVALRY

41. Plaintiff repeats and re-alleges each and every allegation above.

42. Cavalry violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof.

43. SPV, by virtue of its status as a "debt collector" under the FDCPA, is separately liable for actions of Cavalry, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Cavalry violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATIONS OF 15 U.S.C. § 1692g(a)
## DEFENDANT SPV

44. Plaintiff repeats and re-alleges each and every allegation above.

45. Cavalry violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof.

46. SPV, by virtue of its status as a "debt collector" under the FDCPA, is separately liable for actions of Cavalry, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that SPV violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

# TRIAL BY JURY

47.   Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 9th day of May, 2012

By: s/ Marshall Meyers
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff